```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| FREDERICK BANKS, | ) |
|       Petitioner, | ) |
|       v. | ) CIVIL ACTION NO. |
|  | ) 17-11049-WGY |
| KELLY FORBES, et al., | ) |
|       Respondents. | ) |

ORDER

YOUNG, D.J.                                              October 26, 2017

    For the reasons set forth below, the Court denies the petition for a writ of habeas corpus.

    Frederick Banks, a federal pretrial detainee,[1] has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he claims that he is being illegally held in a United States Penitentiary in Atlanta Georgia.[2] He seeks immediate release or a transfer to FMC Devens. The petition has not been served pending the Court's initial review of the action. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); see also Rule 4 of the Rules Governing Section 2254 Cases in the United States

---

    [1]See United States v. Banks, Crim. No. 2:15-00168 (W.D. Pa.).

    [2]In subsequently-filed action, Banks represents that he is now held at the Northeast Ohio Correctional Center. See Banks v. Paris Acid Attack, C.A. No. 17-11906-WGY (D. Mass.)

District Courts (providing that, [i]f it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition"); Rule 1(b) of the Rules Governing Section 2254 Cases (Rule 4 may be applied at the discretion of the district court to other habeas petitions).

Here, the Court lacks jurisdiction to inquire into the validity of Banks's confinement. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. Banks challenges his present physical confinement, which was in Georgia at the time of filing and now is in Ohio. Because Banks was not confined within the District of Massachusetts when he filed this action or thereafter, the Court is without jurisdiction over the present petition.

The Court, could, in its discretion, transfer Banks's petition to the judicial district of his confinement: "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . ." 28 U.S.C. § 1631 (emphasis added). Here, however, transfer is not in the interest of justice. Habeas corpus is an extraordinary remedy that is generally available only in the absence of any other

remedy.  See Stack v. Boyle, 342 U.S. 1, 6 (1951).  Because Banks can raise his objections to the fact of his confinement in his criminal proceeding (in which he is represented by appointed counsel), resort to habeas relief is unnecessary.

Accordingly, the petition for a writ of habeas corpus is DENIED for lack of jurisdiction and this action is DISMISSED. SO ORDERED.

>                                 /s/ William G. Young
>                                 WILLIAM G. YOUNG
>                                 UNITED STATES DISTRICT JUDGE